UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, AS FUND MANAGER OF THE NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND,<br><br>    Plaintiff<br><br>v.<br><br>HOME FOOD MARKET, INC., AND PETER S. HILL, AS PRESIDENT OF HOME FOOD MARKET, INC.,<br><br>    Defendants | Civil Action No. 04-11526-NG |

## ANSWER AND DEFENSES OF PETER S. HILL TO COMPLAINT

The Defendant, Peter S. Hill ("Hill"), answers and presents his defenses at law and affirmative defenses to the Complaint in this matter as follows:

### Count One

1. Hill responds to Paragraph 1 of the Complaint by stating that this Paragraph is introductory in nature and contains allegations of law and thus requires no answer.

2. Hill responds to Paragraph 2 of the Complaint by stating that this Paragraph sets forth allegations of law requiring no answer.

3. Hill admits in response to Paragraph 3 of the Complaint that Charles Langone is the Fund Manager of the Pension Fund and that the Pension Fund has its principal office at 535 Boylston Street, Boston, Massachusetts. The remaining allegations contained in this Paragraph are allegations of law requiring no answer.

4. In response to Paragraph 4 of the Complaint, Hill states that Home Food Market is a Massachusetts corporation with a principal place of business in Milford, Massachusetts. The

-2-

remaining allegations contained in Paragraph 4 of the Complaint are allegations of law requiring no answer.

5. Hill admits in response to Paragraph 5 of the Complaint that he is an individual residing in the Commonwealth of Massachusetts and is the President of Home Food Market, Inc.

6. Hill responds to Paragraph 6 of the Complaint by stating that this Paragraph contains allegations of law requiring no answer.

7. Hill responds to Paragraph 7 of the Complaint by stating that this Paragraph contains an allegation of law requiring no answer.

8. Hill admits the allegations contained in Paragraph 8 of the Complaint.

9. Hill admits the allegations contained in Paragraph 9 of the Complaint.

10. Hill admits the allegations contained in Paragraph 10 of the Complaint.

11. Hill admits the allegations contained in Paragraph 11 of the Complaint.

12. Hill admits the allegations contained in Paragraph 12 of the Complaint.

Paragraphs 13 through 16 were omitted from the Complaint and thus require no response.

### Count Two

17. Hill incorporates by reference and thereby realleges his responses to Paragraphs 1 through 12 of the Complaint.

18. Hill admits that on or about May 24, 2004, he was the President of HFM and received in that capacity by certified mail a request for information from the Pension Fund. The remaining allegations contained in Paragraph 18 of the Complaint are allegations of law requiring no answer.

19. Hill responds to Paragraph 19 of the Complaint by stating that this Paragraph contains allegations of law requiring no answer.

## FIRST DEFENSE

Count Two of the Complaint fails to set forth a claim against Hill for which relief may be granted by this Court against him individually.

## SECOND DEFENSE

The damages sought by the Pension Fund in Count Two of the Complaint are not available statutory damages based upon the cause of action asserted.

## THIRD DEFENSE

Any and all liability under Count Two of the Complaint, to the extent any exists, is corporate liability of Home Food Market, Inc., and not the individual liability of Peter Hill.

PETER S. HILL,

By their Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: August 2, 2004

_____
Kevin Hern, Jr., BBO #231905A
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

### CERTIFICATE OF SERVICE

I, Kevin Hern, Jr., Esquire, hereby certify that on this 2ⁿᵈ day of August, 2004, I caused a true and accurate copy of the foregoing document to be served by hand/first class mail, postage prepaid, upon: Catherine M. Campbell, Esquire, Feinberg, Campbell & Zack, P.C., 177 Milk Street, Boston, Massachusetts 02109.

_____
Kevin Hern, Jr.

846179.1